UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Fernando Gonzalez, Gregorio Castillo, Morris Garcia, and Jose Morales, on behalf of themselves and others similarly situated**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**The French Bread Factory, Inc.**<br><br>**Defendant.** | CIVIL ACTION NO. 1:18cv201 (LO/JFA) |

## COMPLAINT

Plaintiffs Fernando Gonzalez, Gregorio Castillo, Morris Garcia, and Jose Morales, respectfully move for judgment against The French Bread Factory, Inc. ("FBF") on behalf of themselves and all others similarly situated:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA").

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of

Virginia.

4. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Gonzalez is a resident of Virginia and current employee of FBF. Gonzalez is an "employee" as defined in the FLSA.

6. Castillo is a resident of Virginia and current employee of FBF. Castillo is an "employee" as defined in the FLSA.

7. Garcia is a resident of Virginia and current employee of FBF. Garcia is an "employee" as defined in the FLSA.

8. Morales is a resident of Virginia and current employee of FBF. Morales is an "employee" as defined in the FLSA.

9. FBF is a Virginia Corporation with its principal office in Sterling, Virginia. FBF meets the definition of "employer" as defined in the FLSA.

## Factual Allegations

10. Gonzalez was hired in or around May 2011.

11. Castillo was hired in or around May 1998.

12. Morales was hired in or around October 2015.

13. Garcia was hired in or around August 2008.

14. Plaintiffs were blue collar workers who drove small delivery vans and made local deliveries of baked goods.

15. Plaintiffs regularly work more than 40 hours per week.

16. Gonzalez typically begins work as early as 1:15 a.m. and gets off between 11:00

a.m. and 11:45 a.m.  Gonzalez typically works six days per week.

17. Castillo typically begins work as early as 1:15 a.m. and gets off around noon. Castillo worked six days per week until around April 2015.  Since April 2015, Castillo typically works five days per week.

18. Garcia typically begins work as early as 1:30 a.m. and gets off between 11:00 a.m. and noon.  Garcia typically works six days per week.

19. Morales typically begins work as early as 1:00 a.m. and gets off between 10:30 a.m. and 11:00 a.m.  Morales typically works six days per week.

20. Plaintiffs have had weeks in which they worked more than their typical number of hours.

21. Until recently, Plaintiffs Gonzalez, Garcia, and Morales were paid a weekly salary. While being paid a salary, they received no overtime compensation for working more than 40 hours per week.

22. Castillo's method of payment is unclear.  Castillo has been told by his supervisor that he is a salaried employee and is not entitled to overtime pay.  Castillo's paystubs reflect that he was paid on an hourly basis and was paid overtime for eight hours per week.  Regardless of how Castillo is paid, he works overtime hours, some or all of which are completely uncompensated by FBF.

23. On or around August 31, 2017, Plaintiffs received a letter from FBF President Lorena Maltez detailing changes FBF was making to their payroll format.  The letter stated that the changes were being made "to comply with the Fair Labor Standards Act."

24. Under FBF's new policy, delivery drivers are to be paid by the hour and be paid

overtime for working more than 40 hours per week.

25. Since approximately September 2017, Gonzalez, Garcia, and Morales have been paid hourly under the new overtime policy. However, Castillo's pay remains unchanged and he is not paid overtime for all hours worked per week over 40.

26. Though FBF purported to pay Plaintiffs a "salary," Plaintiffs were not paid on a salary basis within the meaning of the FLSA.

27. FBF made weekly deductions from Plaintiffs' paychecks.

28. FBF informed Plaintiffs that these deductions from Plaintiffs' pay were used to pay the salary of another employee.

29. Prior to September 2017, FBF did not require employees to clock in and out or otherwise keep track of their time.

30. On information and belief, FBF made no attempt to keep accurate records of employees' time before September 2017. FBF failed to maintain accurate time records of all hours worked by Plaintiffs and other employees.

31. FBF's pay policy deprived Plaintiffs and other employees of overtime pay when they worked more than 40 hours per week.

32. Pursuant to the FLSA, FBF is obligated to pay Plaintiffs at a time and a half rate for all overtime hours worked. Defendant failed to do so.

33. Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude them from being paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

34. FBF willfully violated the FLSA by knowingly failing to pay overtime.

35. At all relevant times FBF intended to deprive Plaintiffs of the overtime pay they were entitled to under the FLSA, or acted with reckless disregard for Plaintiffs' rights under the FLSA.

## Representative Action Allegations for FLSA Claims

36. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.

37. Upon information and belief, FBF employs, and has employed, multiple similarly situated employees who were paid under a similar pay scheme which deprived employees of overtime.

38. Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

39. Upon information and belief, FBF compensated, and continue to compensate, those similarly situated to Plaintiffs on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

40. On information and belief, FBF's pay operations are centrally managed as a single enterprise, and all or most of FBF's employees who are paid similarly to Plaintiffs are subject to common time-keeping and payroll practices.

41. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of The French Bread Factory who were paid under a pay scheme similar to Plaintiffs, and have been employed within three (3) years of the date of filing of this action. This includes all FBF employees who were paid on a salary basis and/or all employees who FBF did not require to keep records of their hours worked.

42. FBF policy of refusing to pay employees overtime amounted to a willful or reckless disregard of employees' rights under the FLSA.

43. FBF had no good faith basis to believe that these employees were somehow exempt from the overtime provisions of the FLSA.

44. Plaintiffs assert that FBF's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

45. Plaintiffs' job duties, and the job duties or those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

46. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## COUNT I
### *Violation of the FLSA*

47. Plaintiffs incorporate by reference and re-allege the preceding paragraphs as though fully set forth herein.

48. At all times relevant, Defendant engaged in a pattern or practice of not paying employees overtime for working more than 40 hours per week.

49. Plaintiffs worked more than 40 hours per week without overtime compensation for hours worked over 40.

50. At all times relevant, Defendant knew, or should have known, that the FLSA applied to Plaintiffs and others similarly situated.

51. Defendant knew of Plaintiffs' hours worked, and knew that it was obligated to pay overtime to Plaintiffs. Defendant willfully failed to do so.

## **FLSA Relief Requested**

Wherefore, Plaintiffs request the following Relief against Defendant:

    A.    money damages for all unpaid overtime compensation;

    B.    liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs;

    C.    pre-judgment and post-judgment interest;

    D.    an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

    E.    reasonable attorneys' fees and costs expended in the prosecution of this case;

    F.    any and all further relief permissible by law.

Plaintiffs respectfully demand **TRIAL BY JURY**.


**Respectfully submitted,**

**Fernando Gonzalez, Gregorio Castillo, Morris Garcia, and Jose Morales, on behalf of themselves and others similarly situated**

By: \_\_\_\_/s/_____
      Attorneys for Plaintiffs
      Philip Justus Dean (VSB No. 86335)
      Craig Juraj Curwood (VSB No. 43975)
      Curwood Law Firm
      530 E. Main Street, Suite 710
      Richmond, VA 23219
      Telephone: (804) 788-0808
      Fax: (804) 767-6777
      pdean@curwoodlaw.com
      ccurwood@curwoodlaw.com